IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DOROTHY ELIZABETH LEWIS,**<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**WELLS FARGO BANK N.A.,** as Trustee for the Registered Holders of Structured Asset Securities Corporation Mortgage Pass-Through Certificate, Series 2007-OSI, **and PHH MORTGAGE CORPORATION,**<br><br>　　　　　Defendants. | Case No. 3:22-cv-01540-IM<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Dorothy Elizabeth Lewis, 5272 NE 20th Avenue, Portland, OR 97211. Pro se Plaintiff.

Emilie K. Edling, Houser LLP, 9600 SW Oak Street, Suite 570, Portland, OR 97223. Attorney for Defendants.

**IMMERGUT, District Judge.**

　　Dorothy Elizabeth Lewis, a pro se plaintiff ("Plaintiff"), filed suit against Wells Fargo Bank N.A. as Trustee for the Registered Holders of Structured Asset Securities Corporation Mortgage Pass-Through Certificate, Series 2007-OSI and PHH Mortgage Corporation (collectively "Defendants"), alleging violations of her First, Fifth, and Fourteenth Amendment

PAGE 1 – ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

rights stemming from a foreclosure action that occurred at 5272 NE 20th Avenue in Portland, Oregon. ECF 1 at ¶¶ 2–3.

Before this Court is Defendants' Motion to Dismiss, ECF 14. Defendant argues that this Court lacks jurisdiction over Plaintiff's claims or, in the alternative, that Plaintiff has failed to state a claim upon which relief can be granted. ECF 14 at 6–7. For the following reasons, Defendants' Motion is GRANTED.

## BACKGROUND

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court is typically limited to reviewing only the contents of a plaintiff's complaint. Fed. R. Civ. P. 12(d). Courts may, however, consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Defendants ask this Court to consider certain exhibits attached to its Motion to Dismiss. ECF 12 at Exs. 1–13. These exhibits are court filings or official records related to a judicial foreclosure case ("Foreclosure Action") and a bankruptcy case, both involving Plaintiff and Defendants in the present action. ECF 12 at ¶¶ 2–11. Because Plaintiff's Complaint directly challenges the validity of the Foreclosure Action, this Court incorporates these exhibits by reference. *See In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (district court did not err in considering materials outside of the pleadings on a motion to dismiss where the plaintiff alleged the contents of the documents in her complaint), *superseded by statute on other grounds as recognized in In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1146 (9th Cir. 2017).

PAGE 2 – ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff's dispute with Defendants appears to arise out of the Foreclosure Action that took place on or about September 9, 2013. ECF 12, Ex. 1. Wells Fargo Bank as Trustee obtained a General Judgment of Foreclosure, foreclosing on property located at 5272 NE 20th Avenue, Portland Oregon. *Id.* The Foreclosure Judgment provided that Wells Faro Bank as Trustee, and as the plaintiff in the Foreclosure Action, "[shall] be granted the right to become a bidder and purchaser at the sale and the purchaser shall be entitled to exclusive possession of the property upon completion of sale according to law, and to all right, title, and interest in any rents and profits generated or arising from the property during the statutory redemption period." *Id.* at 3, ¶ 4. The Foreclosure Judgment further stated that Wells Fargo Bank as Trustee was "entitled to such remedies as are available at law to secure possession, including writ of assistance, if defendants or any of them or any other party or person shall refuse to surrender possession to the purchaser immediately upon purchaser's demand for possession." *Id.*

Wells Fargo Bank as Trustee obtained Writ of Execution on January 9, 2014, which directed the Multnomah County Sheriff to sell the subject property. *Id.* at Ex. 2. The Multnomah County Sheriff sold the property on August 28, 2014, and filed a Sheriff's Return of Execution Real Property on September 3, 2014. *Id.*, Ex. 3. The Sheriff of Multnomah County issued a Sheriff's Deed on March 25, 2015, which was subsequently recorded in Multnomah County under recording No. 2015-035991. *Id.*, Ex. 4. Following the Foreclosure Action, Plaintiff attempted to regain the property through various court filings, which were ultimately denied by the state court. *Id.*, Ex 7., Ex. 8 at 3, Ex. 11 at 1.

Plaintiff alleges that Defendants "have no legal rights" to this property and only obtained their alleged rights "by fraud and robbing Plaintiff of all her rights." ECF 1 at ¶ 3. Specifically, Plaintiff alleges that Defendants certified to the court that "they had served Plaintiff" when in

fact their summons was deficient. *Id.* at ¶ 4. Plaintiff further alleges that "Defendants (and the court) denied [her] of her rights to file a timely appeal" by failing to alert her to the existence of a default judgment. *Id.* at ¶ 5. Plaintiff's Complaint goes on to allege various constitutional injuries caused to her by the state court judges that presided over the Foreclosure Action, *id.* ¶¶ 8, 13, 15. None of these judges are named as Defendants in the current action.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation marks omitted). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A federal court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

A jurisdictional attack brought under Rule 12(b)(1) may be either facial or factual. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack on subject matter jurisdiction is based on the assertion that the allegations in the complaint are insufficient to invoke federal jurisdiction. *Id*. In a factual attack, the movant disputes the truth of allegations that otherwise would give rise to federal jurisdiction. *Id*. In resolving a factual attack on jurisdiction, a court may consider evidence extrinsic to the complaint and normally need not presume the truthfulness of the plaintiff's allegations. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012); *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone*, 373 F.3d at 1039. If the moving party presents evidence demonstrating a lack of subject matter jurisdiction, the party opposing the motion must present affidavits or other

evidence sufficient to establish subject matter jurisdiction. *Safe Air for Everyone*, 373 F.3d at 1039.

However, a court may not resolve genuinely disputed facts on a motion to dismiss under 12(b)(1) "where jurisdictional and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Sun Valley Gasoline, Inc. v. Ernst Enter., Inc.*, 711 F.2d 138, 139 (9th Cir. 1983) (internal quotation marks and citation omitted). "In such a case, the district court assumes the truth of allegations in a complaint . . . unless controverted by undisputed facts in the record." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

Federal courts hold a *pro se* litigant's pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citations omitted). "A document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (emphasis omitted) (internal quotation marks and citation omitted). Plaintiff is proceeding pro se. Therefore, this Court construes Plaintiff's pleadings liberally and affords Plaintiff the benefit of any doubt.

## DISCUSSION

This Court finds that it lacks jurisdiction to adjudicate Plaintiff's claims, as Plaintiff seeks review of a final state court judgment. "The *Rooker-Feldman* doctrine is a well-established jurisdictional rule prohibiting federal courts from exercising appellate review over final state court judgments." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858–59 (9th Cir. 2008). This doctrine applies to litigants who have received unfavorable decisions in state court and claim "injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*

*Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Pursuant to this doctrine, a federal court also is prohibited from exercising subject matter jurisdiction over cases that amount to a de facto appeal from a state court judgment — that is, where the "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Wachovia Bank, N.A.*, 525 F.3d at 859 (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)).

In her Complaint, Plaintiff states that she "has filed this lawsuit . . . [t]o determine who truly has right to the [foreclosed] property . . . ." ECF 1 at ¶ 19. The state court has already determined that Defendants have the right to the foreclosed property through the Foreclosure Action. *See* ECF 12, Ex. 11 at 6 ("The judgment, which fully adjudicated the parties' rights to possession after the sale [of the subject property] was entered on September 9, 2013."). As such, Plaintiff's request invites this Court to review and reject an earlier state court judgment rendered before the commencement of this proceeding – precisely the kind of judgment that is barred by *Rooker-Feldman*. *Exxon Mobil Corp.*, 544 U.S. at 284.

This Court notes that *Rooker-Feldman* does not bar review "of a state court judgment obtained through extrinsic fraud." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004). Plaintiff's Complaint alleges that Defendants "defraud[ed] her and the court by certifying that they had served Plaintiff" in the initial Foreclosure Action when in reality "their Summon [sic] was deficient" under Oregon law. ECF 1 at ¶ 4. Plaintiff alleges that Defendants acted fraudulently by failing to comply with the legal requirements of ORCP 7, but includes no factual allegations in her Complaint to support that claim. *Id.* In considering whether a Complaint sufficiently states a claim for relief, this Court need not a accept as true conclusory recitations of

PAGE 6 – ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

the legal elements of a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's conclusory allegations of fraud are insufficient to convince this Court that it can exercise jurisdiction over Plaintiff's claims in light of *Rooker-Feldman*. As such, Plaintiff's claims are dismissed.

## CONCLUSION

For the foregoing reasons, this Court GRANTS Defendants' Motion to Dismiss.

**IT IS SO ORDERED.**

DATED this 2nd day of March, 2023.

                                                        /s/ Karin J. Immergut
                                                        Karin J. Immergut
                                                        United States District Judge